| |
|---|
| **De Gomez v City of New York** |
| 2025 NY Slip Op 31455(U) |
| April 23, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150189/2023 |
| Judge: Ariel D. Chesler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARIEL D. CHESLER**                    PART                    **51M**

*Justice*

-----------------------------------------------------------------------X

ANA CRUZ DE GOMEZ,

                              Plaintiff,

                   - v -

THE CITY OF NEW YORK, ABYSSINIAN CULTURAL
BUILDING CORP., ABYSSINIAN DEVELOPMENT CORP.,

                          Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150189/2023 |
| MOTION DATE | 02/25/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40

were read on this motion to/for                    DISCOVERY                    .

Upon the foregoing documents, it is

In this motion, plaintiff seeks an order compelling the defendants The City of New York ("City"), Abyssinian Cultural Building Corp., and Abyssinian Development Corp. (combined "ADC") to provide complete responses to plaintiff's combined demand and appear for examinations before trial pursuant to CPLR 3124. Defendants oppose the motion.

This action grounded in personal injuries was commenced on or about January 6, 2023. On or about March 2, 2023, the ADC Defendants served a Verified Answer, Bill of Particulars and Combined Demands. On or about March 7, 2023, City Defendant served an Answer, and Combined Demand for Verified Bill of Particulars and Discovery. Plaintiff filed a Request for a Preliminary Conference ("PC") on or about July 26, 2023. On or about November 2, 2023, plaintiff sent defendants a letter requesting compliance with discovery.

150189/2023   CRUZ DE GOMEZ, ANA JOANNA vs. THE CITY OF NEW YORK ET AL
Motion No.  001

Page 1 of 4

1 of 4

Plaintiff asserts that the discovery request must be complied with and defendants have no just cause for failing to respond to plaintiff's requests. However, plaintiff does not provide any legal analysis as to the basis of this request before the Court.

In opposition, as an initial matter defendants claim the motion is procedurally defective for failure to make a good faith effort pursuant to 22 NYCRR 202.7(a) and for failure to first conference with the Court prior to filing a discovery motion in accordance with Part 62 Rules. Defendants also argue the motion should be denied as moot as responses to plaintiff's demands were already served. Defendants further note that a PC has not yet taken place with the Differentiated Case Management ("DCM") Part, and the DCM part has not generated a Case Scheduling Order ("CSO").

While plaintiff claims to have made efforts to resolve the discovery issues, the affirmation of good faith presented to the Court does not specifically describe said efforts outside of one letter being sent to all parties. Ultimately, plaintiff filed this current motion on or about February 25, 2025.

Pursuant to the Part 62 Rules no discovery motions shall be filed absent leave of Court and if a discovery dispute arises that cannot be resolved by the DCM part, Counsel must request a pre-motion conference with the part. No request for a pre-motion conference was made, the Court did not grant permission to file this motion, and this matter has not yet been before the DCM part. The sending of a letter to all parties requesting compliance with discovery demands does not comply with this Part's Rules for filing a discovery motion. The motion is denied for failure to comply with the Part 62 Rules.

Pursuant to CPLR 3124, a Court may compel compliance or a response to discover if that party fails to respond or comply with any discovery request.

[* 2]

Here, it cannot be contested that Defendants submitted responses to discovery demands even though a PC still has not been held and there is no CSO in place. Court Administrators have directed that for suits filed against the City, parties are to use the DCM part and this specific process to handle the massive caseload. Of course, this is well within the discretion of the Courts to establish and have parties utilize this process.

Unfortunately, due to various constraints and limitations the DCM part has not reached this case in its queue. However, it is anticipated that a preliminary conference will be held in this matter pursuant to the administrative order of priority. While plaintiff's frustration with the speed of the process is understandable, the process cannot be avoided or sidestepped. Notably the parties do not have any control over the DCM Part or when PCs are scheduled. Additionally, while the parties *may* enter into a CSO upon consent and commence discovery exchange it is not mandatory. The defendants have not failed to comply with plaintiff's request for discovery given that they have already submitted responses to discovery despite there being no CSO to follow, and this motion is denied as premature.

Defendants' argument regarding 22 NYCRR 202.7 (a) need not be addressed as the motion has been denied for the reasons stated above. However, even if the Court were to consider Plaintiff Counsel's affirmation of good faith, it still lacks specificity needed to show a good faith effort was made to resolve the issue.

Accordingly, it is hereby

**ORDERED**, that the motion to compel discovery is denied in it's entirety for the reasons stated above; and it is further

**ORDERED**, that plaintiff shall not file any discovery related motions without leave of Court.

150189/2023   CRUZ DE GOMEZ, ANA JOANNA vs. THE CITY OF NEW YORK ET AL
Motion No.  001

Page 3 of 4

[* 3]

This constitutes the decision and order of the court.

HON. ARIEL D. CHESLER
J.S.C.

_____
ARIEL D. CHESLER, J.S.C.

4/23/2025
DATE

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

150189/2023   CRUZ DE GOMEZ, ANA JOANNA vs. THE CITY OF NEW YORK ET AL
Motion No.  001

Page 4 of 4

4 of 4